IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVE FRANKLIN, | No. C 11-04608 SI |
| Plaintiff, | **ORDER REMANDING CASE** |
| vs. | |
| BRET MURDOCK and COLEEN MURDOCK, | |
| Defendants. / | |

Before the Court is plaintiff's motion to remand this case. Plaintiff Olive Franklin initially filed the underlying unlawful detainer action in Lake County on August 10, 2011.[1] Defendants Brett and Coleen Murdock filed an answer to the unlawful detainer complaint on August 31, 2011. Trial in state court was set for Friday, September 23, 2011. On September 16, 2011, the defendants removed the case to this Court pursuant to 28 U.S.C. § 1441, citing diversity jurisdiction. *See* Doc. 1, page 1 (Notice of Removal). Plaintiff thereafter filed the instant motion to remand, along with a request for attorney's fees. Defendants filed an opposition on November 2, 2011, and plaintiff replied on November 7th.

A hearing is set for plaintiffs' motion on December 2, 2011. Pursuant to Local Civil Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS plaintiff's motion to remand.

---

[1] The plaintiff asks the Court to take judicial notice of various court pleadings and orders from the state court proceeding, as well as a notice of default recorded in Lake County. The Court GRANTS plaintiff's request for judicial notice

## LEGAL STANDARD

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). Remand to state court must be ordered when a district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## BACKGROUND

In their notice of removal, defendants state that "they are from California and the amount in controversy exceeds $75,000.00 in value, therefore the conditions precedent for removal of a civil case is met under the diversity of citizenship statutes." *See* Doc. 1 at 2. They contend that plaintiffs are from England, and thus diversity exists. Pl.'s Opp. at 2. However, removal through diversity jurisdiction is unavailable to defendants that are citizens of the state in which the state action was brought. 28 U.S.C. § 1441(b). Defendants do not dispute that they are citizens of California. Therefore, removal through diversity jurisdiction is unavailable.

Though they do not cite federal question jurisdiction explicitly, defendants' notice of removal refers to violations of the Fair Debt Collections Practices Act by plaintiff. Notice of Removal, at 3. Citations to federal statutes do not avail defendant of the power to remove via federal question jurisdiction either. Pursuant to the well-pleaded complaint rule, the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule). There are no federal claims alleged in the unlawful detainer complaint. Even if defendants have some kind of

1  defense to the unlawful detainer action or a potential claim for relief against plaintiff in state court as
2  a result of the federal statute, that fact does not allow for removal to federal court. See, e.g., *United*
3  *States v. City of Arcata*, 629 F.3d 986, 990 (9th Cir. Cal. 2010) ("The mere existence of a federal
4  defense to a state law claim is insufficient to create federal jurisdiction over a case."). Therefore,
5  plaintiff's motion to remand is GRANTED and this action is REMANDED to the Lake County Superior
6  Court. The Court finds that attorney's fees are inappropriate in this case, and therefore, plaintiff's
7  motion for fees is DENIED.

**IT IS SO ORDERED.**

Dated: November 30, 2011

SUSAN ILLSTON
United States District Judge